# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 27, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| KIM DUGUAY, | * | |
| | * | |
| Petitioner, | * | No. 18-0340V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Verne E. Paradie, Jr.,* Paradie & Rabasco, Lewiston, ME, for Petitioner.
*Mary E. Holmes*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 6, 2018, Kim Duguay ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from dermatomyositis ("DM") as a result of the influenza ("flu") vaccination she received on January 29, 2016. *See* Stipulation ¶ 2, 4. On September 22, 2022, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation the same day. (ECF No. 65).

On January 9, 2023, Petitioner filed an application for final attorneys' fees and costs. (ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

No. 74). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $40,340.33, representing $25,538.50 in attorneys' fees and $14,801.83 in attorneys' costs. Fees App. Ex. 1. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs related to her petition. (ECF No. 77). Respondent responded to the motion on January 23, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 75). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

    **a.  Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for her attorney Mr. Verne E. Paradie, Jr.; $350 per hour for work performed in 2017 – 2019, $400 per hour for work performed in 2020, and $450 per hour for work performed in 2021 – 2022. These requested rates exceed what has previously been awarded to Mr. Paradie. *See Orloski v. Sec'y of Health & Human Servs.,* No. 17-936V, 2021 WL 5410173, (Fed. Cl. Spc. Mstr. Oct. 22, 2021). (Awarding $300.00 per hour for 2017 – 18, $315.00 per hour for 2019, and $330.00 per hour for 2020). Application of these rates results in a reduction of $1,241.00.

Concerning Mr. Paradie's requested 2021 and 2022 rates, the undersigned also finds them to be excessive. Although Mr. Paradie has significant experience as a practicing attorney, he has been previously found to be ineligible for forum rates and has limited experience in the Program.[3] *Orloski 2021 WL 5410173*. The undersigned agrees with the previous special master's reasoning regarding Mr. Paradie's rates, finding non-forum to be a more appropriate.[4] In the undersigned's experience, a reasonable hourly rate for Mr. Paradie's work in 2020 would be $345.00 per hour and for work performed in 2021, the rate of $375.00 per hour. Application of these rates results in a further reduction of $2,152.50.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $22,145.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $14,801.83 in attorneys' costs. Fees App. Ex. 3. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by medical expert, Dr. Petros Efthimiou. Petitioner has provided documentation supporting her requested costs, however documentation was not included for all costs requested. These include the following:

- 08/09/2017 - Copied CM Orthopaedics P.A. & CM Medical group medical records - $28.00
- 03/30/2018 - Fax request records from Dr. Gushue - $5.00
- 11/06/2018 - Invoice Andrew Carey AAAM Records and Bills - $15.00
- 07/01/2019 - Ciox Invoice 027851915 - $15.10
- 10/19/2021 – Updated CMMF records - $19.50
- 09/05/2022 – Medical Records: CIOX Health (CMMF) (Invoice #: 0373799600) - $85.30

---

[3] Mr. Paradie has closed 19 cases to date – 4 are still pending before the Court.

[4] The undersigned notes that Mr. Paradie has not submitted any evidence supporting the proposition that an attorney in Lewiston, Maine would be entitled to receive forum rates.

As supporting documentation was not included with Petitioner's request, these costs will not be reimbursed. This reduces the request for costs by $167.90.

Petitioner also requests a total of $11,675.00 for the work of Dr. Efthimiou. This total was calculated based on 19.50 hours of work at a rate of $600.00 per hour. Dr. Efthimiou has been previously awarded the hourly rate of $500 per hour for work performed the Vaccine Program. *Wilkinson v. Sec'y of Health & Hum. Servs.*, No., 2022 WL 4693224, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022). The undersigned finds the previously awarded rate to be reasonable and application of this rate reduces Petitioner's request for costs in the amount of $1,950.00.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $25,538.50 |
| (Reduction to Fees) | - ($3,393.50) |
| **Total Attorneys' Fees Awarded** | **$22,145.00** |
| | |
| Attorneys' Costs Requested | $14,801.83 |
| (Reduction to Costs) | - ($2,117.90) |
| **Total Attorneys' Costs Awarded** | **$12,683.93** |
| | |
| **Total Amount Awarded** | **$34,828.93** |

**Accordingly, the undersigned awards a lump sum in the amount of $34,828.93, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Verne E. Paradie, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).